## HARRISON et al. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 7951.

Circuit Court of Appeals, Sixth Circuit.

Nov. 10, 1939.

Robert L. Black of Cincinnati, Ohio (Robert L. Black and Charles W. Yungblut, both of Cincinnati, Ohio, on the brief), for petitioners.

Alexander Tucker, of Washington, D. C. (James W. Morris, Asst. Atty. Gen., and Sewall Key and Louise Foster, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before HICKS, ALLEN, and ARANT, Circuit Judges.

HICKS, Circuit Judge.

Petition, to review an order of the Board of Tax Appeals dismissing a petition for a redetermination of a deficiency assessment for lack of jurisdiction, and to review a subsequent order denying a motion to vacate the order of dismissal.

On October 8, 1906, Anne Harrison executed a deed of trust conveying all her property to three designated trustees, or their successors, "to manage the same * * * and pay her * * * the entire net income of the same during her life." The fifth clause of the deed gave the Trustees certain specific powers and concluded by empowering them "* * * in general to do any and all things which they may deem necessary or expedient in the premises as fully as the grantor herein might do if this conveyance in trust were not made."

For the year 1933, an income tax return was filed on Form 1040–B under the heading, "Anne H. De Bonand, c/o C. L. Harrison, et al., Trustees, Ingalls Building, Cincinnati." On June 7, 1937, the Commissioner made a deficiency assessment on this return and mailed the Statement to "Mrs. Anne H. DeBonand, c/o C. L. Harrison, et al., Ingalls Building, Cincinnati, Ohio." On August 12, 1937, the Trustees, alleging that they were "duly qualified and acting Trustees for Anne H. de Bonand under a Voluntary Deed of Trusteeship, dated October 8, 1906. * * *" filed a petition with the Board of Tax Appeals, contesting the deficiency assessment.

On October 8, 1937, the Commissioner moved the Board to dismiss this petition upon the ground that the notice of the deficiency assessment had been "mailed to Mrs. Anne H. DeBonand, c/o C. L. Har-

rison, et al., Trustees, Ingalls Building, Cincinnati, Ohio" and that she had not joined in nor verified the petition but that it was filed in the name of the Trustees for her and was verified by the Trustees who stated that they were Trustees for Mrs. de Bonand.

The point of the motion to dismiss was, that the Trustees were not the proper persons to file the petition.

Taking the record, as we find it, and in its chronological order, on October 26, 1937, counsel for petitioners having been notified of the motion to dismiss, had a telephone conversation with a Special Attorney of the Bureau in the hope of effecting a settlement. Nothing resulted therefrom except that Special Counsel suggested to counsel for petitioners that he write a letter to the General Counsel of the Bureau and state therein his view of the factual situation and of the law applicable thereto. Special Counsel also promised that he would arrange a postponement of the hearing upon the motion to dismiss.

On October 30, petitioners' counsel wrote the letter to General Counsel and called attention to the trust deed, a copy of which he enclosed. The letter stated that after the execution of the deed, Anne Harrison, in 1906, married Rene de Bonand, a French citizen, and that in 1933, she was an alien, residing in France and was never in the United States except rarely, on short visits, and that all the property in the United States in which she had an interest in 1933, was held by the Trustees; that the return for 1933 was prepared, verified and filed by the Trustees and the taxes were paid by them out of the trust funds, following a similar procedure for prior years; that the return was examined by a Revenue Agent and was discussed with the Trustees and that all subsequent communications with reference thereto had been handled by the Trustees; that Anne H. de Bonand was never seen by any representative of the Bureau and was not in the United States at the time.

Counsel then set out in the letter his contention that the motion to dismiss should be withdrawn and in support thereof cited the Revenue Act of 1936, Sec. 272 (a), 49 Stat. 1721, 26 U.S.C.A. § 272(a), Article 1081 of Regulation 77, and Commissioner v. New York Trust Co., 3 Cir., 54 F.2d 463.

Commissioner's motion to dismiss was granted by the Board on November 8, 1937.

In an affidavit filed in support of the motion to vacate the dismissal order, counsel stated that he had expected that his letter would either prove persuasive and result in the withdrawal of the motion to dismiss, or that the motion would be properly argued and submitted to the Board; but that in response to his letter General Counsel replied on November 5, 1937, and advised that the motion to dismiss had been called for hearing on November 3 and had been submitted to the Board for decision and that the letter and its enclosure (the deed of trust) had been introduced and submitted as an argument in behalf of petitioners. The memorandum opinion of the Board accompanying the dismissal order confirms counsel's statement that there was no appearance for petitioners and that the letter to Chief Counsel was submitted to the Board by counsel for respondent.

Petitioners do not impute bad faith either to counsel for respondent or to the Board, and neither do we, but it is obvious that petitioners were denied notice and opportunity to be heard granted by Title 26, Sec. 616 U.S.C., 26 U.S.C.A. § 616. Counsel was justified in believing that if a hearing was to be had he would be notified. His letter of October 30 to General Counsel cannot be regarded as evidence. It represented an ineffective effort to settle the controversy. Such a letter is not unusual and there is nothing to indicate that petitioners' counsel authorized its introduction as evidence. The Board does not seem to have regarded it as evidence.

We do not determine whether there was error in granting the motion to dismiss, nor do we find occasion to lay down hard and fast rules as to what constitutes the "hearing" provided for by the statute. The general rule is that a "hearing" contemplates a reasonable opportunity to be heard in the presentation of evidence and argument. If petitioners had been afforded such an opportunity the Board might have concluded upon the record that the motion to dismiss should have been denied. In its memorandum opinion it said: "If the Commissioner were to concede, or if it appeared from the record before the Board, that the actual taxpayer against whom the deficiency had been determined was the trust and not the individual, it might be that the Board could take jurisdiction. We have held that errors in the notice of deficiency which have not misled may sometimes be overlooked."

Our conclusion is that the motion to vacate should have been granted and petitioners should have been given an opportunity to present their evidence and argument in opposition to the motion to dismiss.

The case is remanded to the Board of Tax Appeals for a rehearing and further consistent proceedings.