COMMISSIONER OF INTERNAL REVENUE v. FOREST GLEN CREAMERY CO.

No. 6292.

Circuit Court of Appeals, Seventh Circuit.

June 29, 1938.

Rehearing Denied Oct. 3, 1938.

James W. Morris, Asst. Atty. Gen., Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., and Michael L. Igoe, U. S. Atty., of Chicago, Ill., for petitioner.

George J. Dreiske, of Chicago, Ill., for respondent.

Before SPARKS and TREANOR, Circuit Judges, and LINDLEY, District Judge.

TREANOR, Circuit Judge.

This case is brought to this court by a petition for review filed by the Commissioner of Internal Revenue. The questions presented for review, as stated by the petitioner, are as follows:

1. Did the Commissioner of Internal Revenue determine a deficiency in the taxpayer's tax liability for the calendar year 1927, or for the period from January 1, 1927, to June 30, 1927, inclusive?

2. Did the notice of deficiency which was sent by the Commissioner to the taxpayer constitute a sufficient notice of deficiency for the calendar year 1927?

The Board of Tax Appeals was of the opinion that the evidence did not establish as a fact that the Commissioner determined a deficiency for the calendar year 1927, but, in the opinion of the Board, "if the proof were sufficient on that point, the notice sent to the taxpayer certainly did not constitute a notice of deficiency for the calendar year 1927." The Board held that it had jurisdiction to redetermine the taxpayer's liability only for the period from January 1, 1927, to June 30, 1927; that the deficiency, if any, was the result of profit derived from the sale of the taxpayer's assets, which profit was received subsequently to June 30, 1927. In view of the foregoing, the Board of Tax Appeals held that it was without jurisdiction to determine the tax liability of the taxpayer for the calendar year 1927.

The taxpayer, a corporation organized under the laws of Illinois, transferred all of its assets to its successor in business during the calendar year 1927. By agreement the sale of the taxpayer's assets was effective as of June 30, 1927, although the taxpayer's books were not closed as of that date. On March 10, 1928, the taxpayer filed its federal income tax return, which return purported to be for the calendar year 1927. The tax return contained no item of gain or loss from the sale of its assets during the year.

As a result of an examination of the taxpayer's income tax return for 1926 and 1927 the agent who made the examination recommended that an additional tax be assessed against the taxpayer in the sum of $27,394.17. The principal adjustment made by the Agent to the income reported by the taxpayer in its 1927 return was the addition of $200,293.20, which represented the profit realized by the taxpayer from the transfer of its assets in 1927.

When the taxpayer was notified of the foregoing adjustment it filed a protest with the Internal Revenue Agent. The objections to the adjustment, as set out in the written protest, went to the merits of the changes and did not challenge the proposed deficiency assessment on the ground that the amount of income in question was not earned during the period January 1, 1927, to June 30, 1927. The protest referred to "a deficiency in taxes in the amount of $27,394.17 for the period from January 1 to June 30, 1927, as detailed in Revenue Agent Edwin W. Sivertsen's report dated April 27, 1928, on the audit of the Corporation's tax returns for the period from January 1, 1926 to June 30, 1927."

Upon receipt of the taxpayer's protest a supplemental examination of the taxpayer's 1927 return was made by another agent and another notice was issued by the Commissioner under date of November 10, 1930. And after receipt of the Commissioner's notice the taxpayer filed a petition with the Board of Tax Appeals on January 8, 1931.

for a redetermination of the deficiency, in which petition it was stated that "as a basis of its proceeding" the petitioner alleged, among other facts, that "the taxes in controversy are income taxes for the year 1927 and are in the following amount, $22,312.-40." The petition set forth three alleged errors upon which the notice of deficiency was based, among which is the following: "(a) The Commissioner erred in including in the taxable income of the petitioner for the six months period ending June 30, 1927, the sum of $162,650.49 alleged by the Commissioner to be profit sustained by the petitioner upon the sale of its assets to the Forest Glen National Milk Company."

The foregoing statement standing alone would indicate that the petitioner was basing the alleged error on the fact that the alleged profit was included in the "six months period ending June 30, 1927"; but a reading of the entire petition discloses that the error relied upon was the charging of any profit to the taxpayer which was based upon the sale of its assets, the contention of the taxpayer being that the alleged sale of assets was a sale of the stock of the petitioner corporation by its stockholders and not a sale of assets by the corporation. And under the heading "the facts upon which the taxpayer relies as a basis of its appeal" is found no statement of fact that the sum of $162,650.49 "alleged by the commissioner to be profit sustained by the petitioner upon the sale of its assets" was not received during the period January 1 to June 30, 1927, nor is there a statement of fact that such alleged profit was received subsequently to June 30, 1927.

At the hearing before the Board of Tax Appeals, filed February 23, 1935, the Commissioner was granted leave to amend his answer and by this amendment the Commissioner admitted "that the taxes in controversy are income taxes for the year 1927 in the amount of $22,312.40" and alleged "that said year is the calendar year 1927." Petitioner replied with a denial that the taxes were for the calendar year 1927, and alleged that any deficiency "for any other part or period of the year 1927 than that specified in the said notice of deficiency aforesaid is wholly barred by the Statute of Limitations."

■ When the Commissioner of Internal Revenue has determined a deficiency against a taxpayer for a taxable year the Board of Tax Appeals has no jurisdiction "to determine whether or not the tax for any other taxable year has been overpaid or underpaid."[1] Consequently, our first question is to determine whether the Commissioner in fact did determine the deficiency in question for the taxpayer's taxable year of 1927.

■ The return made by the taxpayer as of March 15, 1928, was a return for the calendar year 1927. It was not questioned that the taxpayer kept its books of account on the calendar year basis, and had made its returns for prior years on the basis of the calendar year. As a matter of law the taxable period for the taxpayer was the calendar year 1927 and not the period from January 1 to June 30, 1927. The revenue agent who made the examination could not change the taxpayer's taxable period even if he had confined his examination and adjustments to the period January 1 to June 30, 1927. Only the taxpayer, with the approval of the Commissioner, could have changed its taxable period from the calendar year. The fact that any particular transaction produces income in a particular month does not make such income any the less income for the taxable year. And while the fact that an agent confines his examination of a return to an auditing of the accounts of a portion of the taxable year may affect the merits of the deficiency determination, still the determination is none the less a determination of a deficiency for the taxable year. There is no contention in the present case that any part of the deficiency was for any taxable period prior to January 1, 1927, nor for any period after December 31, 1927. The examination covered the return for the calendar year 1926 but that was necessary since the return for 1926 showed a net loss for that period.

■ The taxpayer engaged in no business operations after June 30, 1927, although the corporation was in existence until after the end of the year. The various transactions covering the transfer of the assets of the taxpayer to its successor occurred both prior to June 30, 1927 and subsequently thereto. Consequently, as respects the business operations of the taxpayer, the examination and report of the agent in reality covered a period of time which included the calendar year of 1926 and the

---

[1] Revenue Act of 1926, Sec. 274(g), 44 Stat. 55.

first six months of the year 1927. Adjustments were made upon the basis of the taxpayer's returns for 1926 and 1927. The items which entered into the computation of the amount of the deficiency assessment included the net loss item of 1926 as well as items based upon the operations of the taxpayer during the first six months of 1927, and the item of the alleged profit from the sale of assets in 1927; but the deficiency determination, in fact and in law, was for the calendar year 1927, which was the taxpayer's taxable period.

Assuming that the profit from the transfer of the assets of the taxpayer did constitute income of the taxpayer, it constituted income for the taxable year of 1927 whether it was received by the taxpayer prior to June 30, 1927, or at some later date during the year. And it is not material that the examiner confined his examination and report to transactions which occurred prior to June 30, 1927, although, as stated above, that might be material to the question of the merits of the determination.

We conclude that the determination of the deficiency tax was in fact and in law for the taxpayer's taxable year January 1, 1927, to December 31, 1927.

The Board of Tax Appeals not only held that there was no determination of a deficiency for the calendar year 1927 but also held that the notice which was sent to the taxpayer did not constitute a notice of deficiency for that year.

■ The Commissioner is required to send to the taxpayer, by registered mail, a notice of his determination. The statute does not prescribe either the form or substance of the notice, but we assume that to be a notice, within the intention of the Revenue Act, the communication must inform the taxpayer that a deficiency tax has been determined and either must state the taxable period in respect to which it has been assessed or at least give enough information that the taxpayer reasonably could not be deceived as to the taxable period. The purpose of the notice is to give the taxpayer an opportunity to appeal to the Board of Tax Appeals, but there is no indication in the statute of an intention to require the

notice to be the basis of jurisdiction of the Board in a technical sense.[2]

■ The letter of November 10, 1930, contained the statement that "there has been assessed against you an income tax amounting to $22,312.40, for the taxable year 1926 and the period ending June 30, 1927, the details of which are set forth in the statement attached." The details which were set forth "in the statement attached" indicated to the taxpayer that the alleged deficiency was determined for the taxable year 1927, despite the recital in the letter that the tax was assessed "for the taxable year 1926 and the period ended June 30, 1927." That the taxpayer understood the Commissioner's determination of deficiency to be for the taxable year 1927 is indicated by paragraph 3 of its petition for a redetermination in which the petitioner alleges that "the taxes in controversy are income taxes for the year 1927 and are for the following amount, $22,312.40." And when we consider the foregoing allegation of the petitioner and its allegation of error in paragraph 4 (a)[3] of its petition, it is clear that the taxpayer was distinguishing between the determination of the alleged deficiency tax for 1927 and the allocation by the Commissioner of additional taxable income to the "six months period ending June 30, 1927," which income was "alleged by the Commissioner to be profit sustained by the petitioner upon the sale of its assets to the Forest Glen National Milk Company." And as already pointed out, supra (98 F.2d 970) the petitioner's objection to the inclusion of the sum of $162,650.49 as taxable income for the six months period ending June 30, 1927, was not based upon the fact that it was allocated to the wrong taxable period, but upon the fact that no profit was realized by petitioner.

In our opinion the letter of November 10, 1930, was sufficient to apprise the taxpayer that the Commissioner had determined a tax deficiency for the taxable year of 1927. And it is evident from the taxpayer's petition that the determination was understood by the taxpayer to be for that year.

The decision of the Board of Tax Appeals is reversed and the cause remanded to the Board for a hearing on the merits.

2 "The act intends to give him an opportunity to appeal to the Board of Tax Appeals, and a proceeding before the Board is invoked by the taxpayer. He does not merely submit to the jurisdiction of the Board." Commissioner of Internal Revenue v. New York Trust Co., 2 Cir., 54 F.2d 463, 465.

3 Supra, 98 F.2d 970.