RALPH A. JOHNSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 2733-77.
United States Tax Court
T.C. Memo 1979-313; 1979 Tax Ct. Memo LEXIS 209; 38 T.C.M. (CCH) 1215; T.C.M. (RIA) 79313; August 14, 1979, Filed *209 Ralph A. Johnson, pro se. Patrick J. Dowling, for the respondent. WILES
MEMORANDUM OPINION WILES, Judge: Respondent determined deficiencies of $830 and $227 in petitioner's 1973 and 1974 Federal income tax. This matter is before the Court on respondent's "Motion For Summary Judgment" filed November 30, 1978, pursuant to Rule 121, Tax Court Rules of Practice and Procedure. At the March 12, 1979, hearing on respondent's "Motion For Summary Judgment," petitioner also filed a "Motion For Summary Judgment." Petitioner resided in Goleta, California, when he filed his 1973 and 1974 returns with the Internal Revenue Service Center at Fresno, California, and in Arroyo Grande, California, when he filed his petition in this case. In the notice of deficiency, respondent disallowed a portion of the amount claimed on each return as employee business expenses for automobile expenses for lack of substantiation and for failure to show that the claimed expenses were incurred while away from home in connection with a trade or business. Respondent also disallowed for lack of substantiation the amount petitioner deducted for sales tax on his 1973 return. In his petition, *210 petitioner does not contest the merits of the deficiencies by alleging facts supportive of the deductions he took. Instead, he makes general assignments of error. He claims that the Commissioner's disallowance of his deductions was arbitrary and capricious with malice towards him personally, though alleges no facts to support this contention. He further challenges: (1) his burden to prove respondent's determination wrong, (2) the Tax Court's status as a Court, (3) the denial of a jury trial when before the Tax Court, and (4) the denial of the right to petition to government for a redress of grievances in addition to other constitutional rights. His position is based on the United States Constitution, the Holy Bible, the Federalist Papers, and other documents. Petitioner's contentions have been addressed and rejected in numerous prior opinions of this and other courts. Helvering v. Taylor,293 U.S. 507 (1935) (burden of proof on taxpayer); Burns, Stix Friedman & Co. v. Commissioner,57 T.C. 392 (1971) (Tax Court is a constitutional court, not an administrative agency); Swanson v. Commissioner,65 T.C. 1180 (1976) (no statutory *211 or constitutional rights to trial by jury when before the Tax Court); Cupp v. Commissioner,65 T.C. 68 (1975), affd. 559 F. 2d 1207 (3d Cir. 1977) (right to petition the government for a redress of grievances and other constitutional rights not violated). Since petitioner has failed to present any evidence showing that respondent's determination is wrong and there is no genuine issue as to any material fact, respondent's motion must be granted. In his "Motion For Summary Judgment," petitioner states that he offered to tender payment for the deficiencies on the condition that respondent certify the deficiencies as "true, correct and certain." Since respondent refused to certify the amounts owed by signing petitioner's "Affidavit For Citizen's Protection," petitioner contends that that in itself is sufficient to show the arbitrary nature of respondent's "fictitious determination" and therefore Summary Judgment should be rendered in his favor. Petitioner's contention is without merit because there is no requirement that respondent's determinations be accompanied or certified by an affidavit. Cf. Commissioner v. Forest Glen Creamery Company,98 F. 2d 968 (7th Cir. 1938), *212 cert. denied 306 U.S. 639 (1938). [1] Accordingly, petitioner's motion is hereby denied. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. See also Rice v. Commissioner,T.C. Memo. 1978-334↩.