## COMMISSIONER OF INTERNAL REVENUE v. NEW YORK TRUST CO. et al.

### No. 64.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1931.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Stanley Suydam, Gen. Counsel, Bureau of Internal Revenue, both of Washington, D. C., of counsel), for petitioner.

White & Case, of New York City (J. Du Pratt White, Russell D. Morrill, Henry Mannix, and A. ·C. Newlin, all of New York City, of counsel), for respondent.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The New York Trust Company became trustee for Conrad Henry Matthiessen, who, by irrevocable indenture dated December 24, 1921, conveyed to it 6,000 shares of common stock of the Corn Products Refining Company, which cost him, on April 27, 1906, $141,375. At the date of transfer, the stock was valued at $557,500. During the year 1922, the trustee sold the 6,000 shares for $603,385. On March 15, 1923, the trustee filed an income tax return for the year 1922 for the trust, reporting a profit of $87,385. The beneficiary filed no tax return for 1922. He was then a minor, and under the terms of the trust, was not entitled to receive any income from the trust, and therefore was not subject to a tax. The collector, upon examination of the return, imposed an additional tax liability of $238,275.95. In the tax return filed by the trustee, in the space provided for the name and address of the taxpayer, were the words "The New York Trust Company as Trustee for Erard Matthiessen (a minor) of indenture dated December 24, 1921." On May 22, 1926, the internal revenue agent rendered his report to the supervising internal revenue agent in New York of his examination of the books and records of the "New York Trust Co. as trustee for Erard Matthiessen, (a minor) of indenture dated December 24, 1921, 100 Broadway, New York City, N. Y." On August 28, 1926, a form letter transmitting the report to the Commissioner had only one line for the taxpayer's name, and it was filled in "Erard Matthiessen (a minor)" with "N. Y. Trust Co., trustee," entered below on the line for the address. On June 28, 1926, a copy of the report was mailed to the New York Trust Company with a letter of transmittal addressed, "New York Trust Co., as trustee for Erard Matthiessen (a minor)," etc. A protest against the report was filed under a similar caption by the New York Trust Company. On February 8, 1927, the Commissioner, in proposing an assessment of deficiency as determined by the revenue agent, erroneously directed the letter to "Mr. Erard Matthiessen, c/o New York Trust Company, Trustee, 100 Broadway, New York, New York." This letter was received and answered by respondent. A conference was held by a representative of the trust company with the Bureau of Internal Revenue in regard to the deficiency proposed against the New York Trust Company as trustee. A letter denying a postponement of the conference due to the fact that the statutory period for assessment would shortly expire was mailed February 25, 1927, and on March 12, 1927, a 60-day deficiency letter was mailed, and had attached thereto a statement captioned, "Mr. Erard Matthiessen, c/o New York Trust Company, trustee, 100 Broadway, New York, New York." The statement was as follows:

"Under date of February 8, 1927, you were advised that the report of the internal-revenue agent in charge at New York, New York, a copy of which was furnished you under date of May 22, 1926, had been reviewed in this office and approved as submitted.

"The deficiency in tax of $238,275.95 resulted from the adjustment of income from sale of 6,000 shares of Corn Products Refining Company stock assigned by Conrad H. Matthiessen in 1921 to the New York Trust Company, as trustee, for your benefit.

"In determining taxable profit from this transaction the examining officer used the difference between the selling price and the original cost of this stock to the donor, Conrad H. Matthiessen.

"In a conference held in this office it was contended that taxable profit represented the difference between the selling price and the value of the stock at the time it was transferred to the trustee in 1921.

"After careful consideration of the evidence submitted it is held that the profit as computed under article 1562, Regulation 62, is correct, and the findings by the examining officer are therefore sustained.

"Payment of the tax should not be made until a bill is received from the collector of internal revenue for your district, and remittance should then be made to him."

On April 29, 1927, another letter was addressed to the New York Trust Company, as trustee, referring to the deficiency letter of March 12, 1927, upholding the Bureau's decision as to the taxation of the profit of the sale of the stock.

On May 9, 1927, the respondent filed with the Board of Tax Appeals, a petition for redetermination of the tax set forth by the Commissioner in his notice of deficiency dated March 12, 1927. It was filed in the name

of the New York Trust Company as trustee, reciting, among other things, that the notice of deficiency was mailed to the petitioner and that the tax in controversy was income tax for the year 1922. It was verified by an officer of the trust company, and attached thereto, as Exhibit A, was a copy of the letter of March 12, 1927. No question was raised by the pleading as to the adequacy of the notice, nor was any question of jurisdiction. The contest was based solely upon the question of profit derived from the sale of the stock. An answer was filed to the petition by the Commissioner of Internal Revenue on July 8, 1927, and an amended answer was filed December 7, 1929, alleging that a hearing had been had on March 2, 1927, between the attorney for the trustee and representatives of the Commissioner. On December 9, 1929, a hearing was had before the Board of Tax Appeals at which counsel for the trustee moved to amend the petition previously filed so as to read: "The notice of deficiency (a copy of which is attached and marked 'Exhibit A') was mailed to Erard Matthiessen on March 12, 1927," and, "The respondent had erroneously determined Erard Matthiessen's gross income for the year 1922," and "(b) In so far as § 202 (a) (2) of the Revenue Act of 1921 (42 Stat. 229) purports to authorize respondent to tax petitioner or Erard Matthiessen, an alleged profit upon the sale, * * * that the said Erard Matthiessen is not liable, as a matter of law, for any income tax on any profit derived from the sale of said Corn Products Refining Company stock," and petitioner's prayer asked that the proceeding be disallowed for the alleged deficiency as set forth. The Board on June 30, 1930, dismissed the petition for lack of jurisdiction.

The question presented on this appeal is whether the error committed in addressing the deficiency notice, mailed March 12, 1927, precluded the Board of Tax Appeals from examining the merits of the deficiency tax. A trustee named in the trust is included among those named in the Revenue Act of 1921 as a taxpayer (42 Stat. 227), and the fiduciary must make a return for the estate or trust for which he acts, under section 219 (b) of that act. Section 274(a) of the Revenue Act of 1926, c. 27 (44 Stat. 9 [26 USCA § 1048]), provides: "If in the case of any taxpayer, the commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency."

Section 274(a), it will be observed, provides that "the commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail." The "taxpayer" as referred to in the taxing statutes has not a narrow or restricted meaning. U. S. v. Updike, 281 U. S. 489, 50 S. Ct. 367, 74 L. Ed. 984; Routzahn v. Tyroler, 36 F.(2d) 208 (C. C. A. 6). There was no special form of deficiency notice required, but the purpose of the act is that the taxpayer shall be notified of the deficiency by mail. The act intends to give him an opportunity to appeal to the Board of Tax Appeals, and a proceeding before the Board is invoked by the taxpayer. He does not merely submit to the jurisdiction of the Board. California Yards Co. v. Com'r, 47 F.(2d) 514 (C. C. A. 9). Under section 274(d), 26 USCA § 1048b, the taxpayer may waive the requirement under section 274(a) and permit the immediate assessment of any part or all of the deficiency. Section 274(e), 26 USCA § 1048c, gives jurisdiction to the Board to redetermine the correct amount of the deficiency even if the amount so determined is greater than the amount of the deficiency, and notice thereof must be mailed to the taxpayer if a claim for such greater deficiency is asserted by the Commissioner at or before the hearing or rehearing. Where a 60-day letter was mailed to the wrong number of a street but actually received by the taxpayer, it was held to be sufficient. Dilks v. Blair, 23 F.(2d) 831 (C. C. A. 7). Where a notice of deficiency was mailed to a successor in business, whereas the respective taxes were due from its predecessor, it was held that failure to designate it as a transferee was not fatal, nor did it deprive the Board of its jurisdiction. Burnet v. San Joaquin Fruit & Investment Co., 52 F.(2d) 123 (C. C. A. 9) decided June 22, 1931.

At bar the notice was not only received by the taxpayer, but it apparently was fully understood as referring to the liability of the trust company as trustee for this beneficiary. There is no finding by the Board that the method of addressing the trustee misled. Because the deficiency notice was addressed as it was, it was a harmless error. The trust company filed a return as trustee for Erard Matthiessen and paid a tax as such trustee. Subsequently its books and records relating to the trust were examined by the

revenue agent, and the trust company had been furnished with a copy of the agent's report disclosing a deficiency. It listed items on the return of the trust company as trustee and the correction made in the profit on the sale of the securities. Moreover, the letter referred to conferences had with the trust company's representatives regarding the sale of the stock belonging to the trust and stated that the officers acting for the trustee intended to protest. The letter transmitting the report was addressed to the trust company as trustee, referred to the recent examination which had been made, mentioned the additional tax, and offered an opportunity to protest within 30 days after the time when the report would be sent to Washington for final action. All this clearly gave notice of the subject-matter contained in the deficiency notice of March 12, 1927, and in effect advised them that, if they did not successfully protest, a demand for payment would be forthcoming. It could waive the requirement that another notice be sent, in the same way that the taxpayer may waive a demand for taxes necessary to create a lien. In re Baltimore Pearl Hominy Co., 5 F.(2d) 553 (C. C. A. 4). The United States may waive a requirement for filing a refund claim prior to suit. Tucker v. Alexander, 275 U. S. 228, 48 S. Ct. 45, 72 L. Ed. 253. In Burnet v. San Joaquin Fruit & Investment Co. (C. C. A. 9) 52 F.(2d) 123, 127, June 22, 1931, a deficiency notice for 1920 taxes was sent to the San Joaquin Fruit & Investment Company, Tustin, Cal. This company was the successor and transferee of the San Joaquin Fruit Company; the latter having been dissolved in 1922 and the investment company having taken over its assets in that year. A deficiency letter had been sent in 1921 for taxes, addressed to the "San Joaquin Fruit Co. c/o San Joaquin Fruit & Investment Co., Tustin, California." The investment company appealed to the Board of Tax Appeals in each case describing itself as the "taxpayer," "formerly the San Joaquin Fruit Co." and "successor to the San Joaquin Fruit Co., through change of name only." Continuances were had on the hearings, and the investment company later, by leave, amended its pleadings so as to raise the question of the identity of the taxpayer. The Circuit Court of Appeals reversed a holding that there was no deficiency against the company for 1920 and dismissing the appeal based on the deficiency letter for 1921 taxes for lack of jurisdiction, and held that the investment company in law and in fact was the taxpayer and had so admitted in its pleading. It participated in the hearings before the Board of Tax Appeals and raised no question as to the 60-day letters until after the time had expired within which determination could be had against the fruit company, and the case had been tried in part upon the theory that it was liable for the taxes. It was therefore estopped from changing its position and denying liability. The investment company had actual notice of the deficiency notices, and the mere failure to designate the company as a transferee was held not to be fatal and did not deprive the Board of Tax Appeals of jurisdiction.

The failure on the part of the Commissioner was said to be procedural only. The court said: "The San Joaquin Fruit & Investment Company was in law and in fact the 'taxpayer' in the instant case, and so held itself out in its own pleadings, further setting forth the theory under which it regarded itself as the 'taxpayer'; namely, that it was 'formerly the San Joaquin Fruit Company' and 'successor to the San Joaquin Fruit Company through change of name only.'"

█ Taxpayers cannot repudiate waivers of the statute of limitations upon which the government relied. Aiken v. Burnet, 282 U. S. 277, 51 S. Ct. 148, 75 L. Ed. 339; Loewer Realty Co. v. Anderson, 31 F.(2d) 268 (C. C. A. 2). This taxpayer will not be permitted to change its position after proceeding as it did, in an effort to prevent the collection of the tax and thus deny jurisdiction to the Board which it invoked. As was said in United States v. New York & Ontario S. S., 216 F. 61, 68 (C. C. A. 2): "But a general or voluntary appearance is regarded as equivalent to service of process. * * * A general appearance, therefore, under ordinary conditions is held to confer jurisdiction of the person on the court; the defendant being estopped to object for want of such jurisdiction."

The appearance here before the Board of Tax Appeals was general, not special, and the respondent waived any defect in the notice by invoking the jurisdiction of the Board of Tax Appeals.

**Order reversed.**