## COMMISSIONER OF INTERNAL REVENUE
## v. NICHOLS & COX LUMBER CO.
### No. 6288.

Circuit Court of Appeals, Sixth Circuit.
June 29, 1933.

Francis H. Horan, of New York City (G. A. Youngquist, Sewall Key, C. M. Charest, and Byron M. Coon, all of Washington, D. C., on the brief), for petitioner.

J. S. Seidman, of New York City, for respondent.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

PER CURIAM.

As of December 28, 1922, the "Nichols & Cox Lumber Co." was reorganized under the laws of the same state but with the name of "Nichols & Cox Lumber *Company*." For their stock in the old company the stockholders were given the same proportionate share of preferred and common stock in the new company. The new company succeeded to all the business and assets of the old company and the latter was thereupon dissolved. However, the business was continued in substantially the same name, with substantially the same assets, the same stockholders, the same directors, and the same officers as under the previous charter. The case involves income and profits taxes for the years 1919 and 1920.

Prior to the expiration of the period of limitations, waivers were signed, and on December 10, 1926, a deficiency notice was mailed to "Nichols & Cox Lumber Company." Thereupon the present respondent appealed to the Board of Tax Appeals for a redetermination of the alleged deficiency. The evidence before the board was confined almost exclusively to the subject of the validity of the waivers, but the board did not decide this question, for, having concluded that the deficiency notices were addressed to and intended for the old company, then dissolved, and that that company alone was authorized to file a petition with the Board of Tax Appeals for a redetermination of the deficiency, a lack of jurisdiction in the board was found to exist. The petition of the respondent was thereupon dismissed. The commissioner files the present petition to review.

The question of the jurisdiction of this court to entertain a petition to review on behalf of the Commissioner of Internal Revenue was settled by the case of Commissioner v. Liberty Bank & Trust Co., 59 F.(2d) 320, to which decision the court adheres.

Upon authority of Burnet v. San Joaquin Fruit & Investment Co., 52 F.(2d) 123 (C. C. A. 9); Commissioner of Internal Revenue v. New York Trust Co., 54 F.(2d) 463 (C. C. A. 2); Pittsburgh Terminal Coal Corp. v. Heiner, Collector, 56 F.(2d) 1072 (D. C., Pa.); and North American Coal Corp. v. Commissioner of Internal Revenue, 63 F.(2d) 1011, decided on order by this court November 11, 1932, we are of the opinion that respondent was estopped by its conduct to deny the validity of the waivers, and that the failure to designate the respondent as transferee in the notice does not deprive the Board of Tax Appeals of its jurisdiction.

The decision of the Board of Tax Appeals is therefore reversed, and the cause is remanded, with directions to the board to set aside the order dismissing this proceeding and to hear and determine the matters complained of in the petition.