## COMMISSIONER OF INTERNAL REVENUE v. STEWART.

### No. 11154.

United States Court of Appeals
Sixth Circuit.

Jan. 23, 1951.

Virginia H. Adams, Washington, D. C. (Theron Lamar Caudle, Ellis N. Slack, and Virginia H. Adams, Washington, D. C., on the brief), for petitioner.

Roy F. Andes, Detroit, Mich. (Roy F. Andes, Detroit, Mich., on the brief), for respondent.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The Commissioner of Internal Revenue seeks a review of the ruling of the Tax Court which held that a notice of deficiency was invalid for failure to comply with the statutory provisions with respect to mailing.

The notice of deficiency was in the usual form; its inside address was to "Dr. Kirk Stewart, 904 Stroh Bldg., Detroit, Mich.,"

the taxpayer and respondent herein; it was dated March 10, 1948; it was enclosed in an envelope addressed to the taxpayer's counsel, Mel W. Werden, 7310 Woodward Avenue, Detroit, Michigan. It was sent by registered mail. The letter stated—

"You are advised that the determination of your income tax liability for the taxable years 1944-1945-1946 discloses a deficiency of $9,112.41, as shown in the attached statement.

"In accordance with the provisions of existing Internal Revenue Laws, notice is hereby given of the deficiency mentioned."

There were attached to the letter three copies of Form 870, a "Waiver of Restrictions on Assessment and Collection of Deficiency in Tax." The form showed income tax deficiencies for the years 1944, 1945 and 1946 in the sums of $3,661.53, $3,121.54 and $2,329.34 respectively, or a total of $9,112.41. The letter referred to the right to file a petition with the Tax Court for a redetermination of the deficiency and to the execution of the forms if the taxpayer did not desire to file such a petition. The letter contained no other documents or enclosures.

On February 4, 1948, prior to the mailing of the deficiency notice, and in response to a 10-day letter dated January 27, 1948 and received by the taxpayer, Werden conferred with Richard F. Okie, a member of the Audit Review Board of the office of the Collector of Internal Revenue of the District of Michigan, in which conference Okie requested that Werden file a copy of his power of attorney from the petitioner. A power of attorney from the taxpayer to Werden, executed on February 6, 1948, was duly filed.

A 30-day letter dated February 9, 1948, was issued by the Collector and addressed to the taxpayer. No schedules or other basis for imposing additional taxes were enclosed with that letter. On February 19, 1948, the Collector addressed a letter to the taxpayer and mailed it to Werden. The letter stated—"Attached herewith is the technical report and Forms 872 which were erroneously omitted in the 30-Day letter dated February 9, 1948." The report and form showed the basis of the deficiency.

On June 7, 1948, the taxpayer filed his petition with the Tax Court for a redetermination of the deficiency set forth by the Commissioner in his notice of deficiency dated March 10, 1948. The petition stated—"The Notice of Deficiency (a copy of which is attached and marked Exhibit "A") was mailed to the Petitioner on March 10, 1948 as the Petitioner believes." It set out the alleged deficiencies for each of the taxable years in controversy and stated in what respects the Commissioner erred in determining the claimed deficiency. In the verification attached thereto the taxpayer stated under oath "that he has read the foregoing petition and is familiar with statements contained therein * * *." The Commissioner filed his answer on July 19, 1948. The taxpayer filed his reply on September 7, 1948. On April 22, 1949, the case was set for hearing on June 14, 1949 at Detroit, Michigan. On June 14, 1949, the taxpayer, acting through another attorney who had entered his appearance in the case on September 9, 1948, moved to dismiss the appeal for the reason that the Commissioner had never made a determination of any deficiency in income taxes against the taxpayer as required by law, in that the said notice of deficiency was not mailed to the taxpayer, but was mailed to Werden, the taxpayer's auditor. Thereafter, the proceeding was dismissed by the Tax Court for lack of jurisdiction, which ruling is the subject of this review.

Section 272(a) of the Internal Revenue Code, 26 U.S.C.A. § 272(a) provides as follows: "If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed * * the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has

been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. * * *" The taxpayer contends that since the statute requires the notice of the deficiency assessment to be sent "to the taxpayer by registered mail," the action of the Commissioner in sending it to the taxpayer's auditor and attorney, instead of to the taxpayer himself, was not a compliance with the provisions of the statute, and was therefore an invalid notice. The Tax Court ruled that since the statute limited the way in which the notice could be sent it negatived any other mode of action; that the Commissioner was required to send the notice of deficiency to the taxpayer in strict accord with the statutory requirements; and since he did not do so, the petition must be dismissed for lack of jurisdiction.

We are of the opinion that such a strict literal construction of the statute is not authorized in the present case. It is clear that the purpose of the deficiency notice is to give the taxpayer notice that the Commissioner means to assess a deficiency tax against him and to give him an opportunity to have such ruling reviewed by the Tax Court before it becomes effective. Commissioner v. New York Trust Co., 2 Cir., 54 F.2d 463, 465; Commissioner v. Forest Glen Creamery Co., 7 Cir., 98 F.2d 968, 971; Olsen v. Helvering, 2 Cir., 88 F.2d 650, 651. In addition to giving the taxpayer notice of the proposed deficiency assessment, the mailing of the deficiency notice limits the period of time thereafter to ninety days in which the taxpayer can have the question reviewed by the Tax Court. If the taxpayer receives notice of the proposed assessment, and during the ninety-day period thereafter files his petition for review with the Tax Court, the purposes of the Act have been accomplished. Although some courts have said that strict compliance with the statutory notice provisions is necessary in order to validate the assessment and to give the Tax Court jurisdiction to review it, we do not think that such a view is the correct one. In Commissioner v. Forest Glen

Creamery Co., supra, the Court said, 98 F.2d at page 971, "* * * there is no indication in the statute of an intention to require the notice to be the basis of jurisdiction of the Board in a technical sense." As pointed out by Commissioner v. New York Trust Co., supra, 54 F.2d at page 465, it is the taxpayer who invokes the jurisdiction of the Board by filing his petition to review. This Court has previously ruled that a failure to strictly comply with the statutory notice provisions does not necessarily deprive the Tax Court of its jurisdiction to act in the matter. Warner Collieries Co. v. United States, 6 Cir., 63 F. 2d 34; Commissioner v. Nichols & Cox Lumber Co., 6 Cir., 65 F.2d 1009. See also Burnet v. San Joaquin Fruit & Investment Co., 9 Cir., 52 F.2d 123, 128. Under Section 272(d) Internal Revenue Code, the required mailing of the deficiency notice can be waived by the taxpayer without invalidating the validity of the assessment. In the following cases it was held that defects or irregularities in giving the required statutory notice were waived by the taxpayer's action in proceeding with a petition for review in the Tax Court, which thereupon acquired jurisdiction to determine the matter: Haag v. Commissioner, 7 Cir., 59 F.2d 516, 518; Commissioner v. New York Trust Co., supra, 54 F.2d at page 466.

In the present case, the taxpayer received the full measure of protection guaranteed to him by Section 272(a) of the Code. Following the usual preliminary investigation and discussion of the taxpayer's returns, the Commissioner made the tentative deficiency assessment. Notice of the deficiency assessment was sent by registered mail to the taxpayer's attorney, previously authorized under a power of attorney filed with the Commissioner "to represent him * * * in connection with the proposed deficiency for the calendar years 1943, 1944, 1945 and 1946, now pending before the department * * *" and who was by the terms of the power of attorney "authorized to prosecute any * * * appeals or claims arising out of the aforesaid tax liability and in particular the proceedings necessary to defeat the

proposed deficiency now pending before the department, and to do any and all acts in connection therewith as fully to all intents and purposes as the grantor itself might or could do." Under the law of principal and agent, the Commissioner's notice to the taxpayer's attorney clothed with such authority was notice to the taxpayer himself. Keeping in mind that the final purpose of the deficiency notice is to afford the taxpayer an opportunity to appeal to the Tax Court, and that in the present case the taxpayer acting through his attorney promptly took such an appeal, we fail to see in what way the taxpayer has been prejudiced or harmed. No objection was made by the taxpayer at the time of filing his petition for review of any defect or irregularities in the giving of the required notice. To hold the notice insufficient under such circumstances, would "allow the technical an undue triumph over the substantial." Pittsburgh Terminal Coal Corp. v. Heiner, D.C.W.D.Pa., 56 F.2d 1072, 1075. See also Kohlhase v. Commissioner, 6 Cir., 181 F.2d 331. In our opinion, whatever technical defect existed in sending the notice to the taxpayer's attorney, duly authorized to act in the matter, instead of to the taxpayer himself, was clearly waived by the later action of the taxpayer in filing his petition for review with the Tax Court, seeking a redetermination in his favor of the deficiency asserted by the Commissioner. Warner Collieries Co. v. United States, supra, 6 Cir., 63 F.2d 34; Commissioner v. Nichols & Cox Lumber Co., supra, 6 Cir., 65 F.2d 1009; Commissioner v. New York Trust Co., supra, 2 Cir., 54 F.2d 463; Burnet v. San Joaquin Fruit & Investment Co., supra, 9 Cir., 52 F.2d 123; Haag v. Commissioner, supra, 7 Cir., 59 F. 2d 516; American Auto Trimming Co. v. Lucas, 59 App.D.C. 171, 37 F.2d 801.

In the present case, it is clear that the taxpayer personally either actually received the notice following its receipt by his attorney, or was completely advised by his attorney of its receipt by him and of its contents. A copy of the notice was attached to the petition filed by him in the Tax Court. He examined the petition before it was filed. In his affidavit attached to the petition, the taxpayer stated that he had read the petition and was familiar with the statements contained therein. Formal, immaterial defects in the giving of the required statutory notice have been disregarded when it appears that the notice actually reached the taxpayer. Wright v. Commissioner, 4 Cir., 101 F.2d 309; Haag v. Commissioner, supra, 7 Cir., 59 F. 2d 516; Whitmer v. Lucas, 7 Cir., 53 F. 2d 1006; Dilks v. Blair, 7 Cir., 23 F.2d 831. In the Whitmer case the Court said—"It is reasonable to conclude that, even though a slight error may be made in the street address, the taxpayer is not harmed if the letter is actually and promptly delivered to his proper address. The purpose of the statute has been fully accomplished when the taxpayer is notified of the deficiency or additional assessment proposed to be made by the Commissioner." [53 F. 2d 1007.]

The taxpayer also contends that the deficiency notice was invalid because it contained no particulars or explanations of how the Collector arrived at the alleged deficiencies. No particular form of notice is required by Section 272(a) of the Code. We are of the opinion that the notice in the present case was sufficient where it fairly advised the taxpayer that the Commission has determined a deficiency, gave the taxpayer the amounts thereof and the years involved, and the taxpayer was fully advised, as shown by his petition filed with the Tax Court, of the reasons forming the basis for the Commissioner's action. Commissioner v. Forest Glen Creamery Co., supra, 7 Cir., 98 F.2d 968, 971; Olsen v. Helvering, supra, 2 Cir., 88 F.2d 650, 651; Ventura Consolidated Oil Fields v. Rogan, 9 Cir., 86 F.2d 149, 153. In Olsen v. Helvering, supra, the Court said— "* * * the notice is only to advise the person who is to pay the deficiency that the Commissioner means to assess him; anything that does this unequivocally is good enough." [88 F.2d 651.]

The judgment of the Tax Court is reversed and the action is remanded for further proceedings consistent with the views expressed herein.