836

## UNITED STATES v. MERRILL.
### No. 9361.

United States District Court
S. D. California, Central Division.
Aug. 27, 1952.

Walter S. Binns, U. S. Atty., E. H. Mitchell and Edward R. McHale, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff.

Mackay, McGregor, Reynolds & Bennion, A. Calder Mackay, Adam Y. Bennion, Los Angeles, Cal., for defendant.

HARRISON, District Judge.

The plaintiff herein, the United States of America, filed this civil complaint to recover unpaid income taxes against the defendant, Mrs. Gary Merrill, also known as "Bette Davis", on March 14, 1949. The facts giving rise to this litigation are as follows:

The defendant married Arthur Farnsworth on December 31, 1940. During the marital period by far the greater source of income to the pair was attributable to the earnings of the defendant in the motion picture industry. The income tax returns of the spouses were filed on a community property basis. The marital relationship terminated with the death of Farnsworth on August 25, 1943. No federal income tax return for the period January 1, 1943 to August 25, 1943 was filed on behalf of his estate until July 7, 1944, at which time the administrator of the decedent's estate submitted an income tax return to a Deputy Collector of Internal Revenue. The only payment to the Collector on behalf of the estate was made on June 21, 1946, that payment being considerably less than the liability for the taxable period involved.

The original complaint for the government contained two counts. Count one was based on the theory that all the earnings of the defendant constituted her separate property and should have been included in her returns for the taxable years 1942 and 1943. Count two alleged that the earnings were community property but that the defendant was liable, nevertheless, on the theory of transferee liability. An amendment to the complaint was filed May 28, 1951. Count three therein alleged an agreement between the spouses that the defendant would pay all federal income taxes upon the husband's half of the community income attributable to her earnings. Count four did not state a claim upon which recovery could be granted. See United States v. Malcolm, 282 U.S. 792, 51 S.Ct. 184, 75 L.Ed. 714.

A motion to dismiss the complaint was filed by the defendant, based primarily on the requirement of Sec. 272(a) of the Internal Revenue Code, 26 U.S.C.A. § 272 (a), that no proceeding for the collection of a deficiency be begun until a notice of deficiency is mailed to the taxpayer and also affording the taxpayer a hearing before the Tax Court. At the time of the motion, I indicated that I would delay my decision thereon until the case had been heard.

 That motion should have been granted before this case was heard, and I do now grant the defendant's motion to dismiss on the authority of the language of Chief Judge Denman of this Circuit in Ventura Consol. Oil Fields v. Rogan, 9

Cir., 86 F.2d 149, 154–155, and in Van Antwerp v. United States, 9 Cir., 92 F.2d 871, 874. See also Commissioner v. Stewart, 6 Cir., 186 F.2d 239, 241–242, 24 A.L.R.2d 793; Helvering v. Continental Oil Co., 63 App.D.C. 5, 68 F.2d 750, 751; and the authorities cited in the briefs filed by the defendant. The Tax Court was especially established to hear and determine cases of this nature and I see no reason why an exception should have been made in this case to the requirement of Sec. 272(a) of the Internal Revenue Code.

Having heard the evidence in this case, I further hold that the government has failed to sustain its burden of proof under any of the counts in its complaint.

■ To me, there is basically but one issue in this case, that is, whether a surviving spouse is liable for the taxes of her deceased husband where the latter's liability arose by reason of his community ownership of one-half of the surviving spouse's earnings. My answer is no.

The separate identity and separate liability of community property spouses for tax purposes has been established since United States v. Malcolm, supra, and Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239, and no evidence has been presented by the government in this case which would justify a holding inconsistent with that long-established rule.

Counsel for the defendant shall submit findings of fact and judgment consistent with the conclusions herein expressed within twenty days from the date of this memorandum opinion.