LAWRENCE M. PAUL AND ISABELLE PAUL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Paul v. Commissioner
Docket No. 20773-82.
United States Tax Court
T.C. Memo 1985-21; 1985 Tax Ct. Memo LEXIS 606; 49 T.C.M. (CCH) 517; T.C.M. (RIA) 85021; January 14, 1985. *606 Petitioners submitted to the IRS a duly executed power of attorney authorizing the attorney "[t]o receive directly, and solely, at his address all notices and communications addressed to the taxpayers." (Emphasis added.) Approximately 4 months later respondent mailed the original notice of deficiency to the petitioners and a copy to their attorney. Petitioners timely filed their petition with this Court on the 66th day after the notice of deficiency was mailed. Held, the attorney's address was petitioners' "last known address." Held further, the notice of deficiency was valid even though not mailed to petitioners at their "last known address." Held further, respondent's Motion for Partial Summary Judgment is granted. K. G. Seitz, for the petitioners. Genevieve K. Murtaugh and Keith A. Aqui, for the respondent. CANTREL MEMORANDUM OPINION CANTREL, Special Trial Judge: This case came before the Court for hearing, consideration and ruling on respondent's motion for partial summary judgment filed on December 17, 1982. [1] In his motion, respondent seeks *608 a ruling that the notice of deficiency is valid. The material facts are not disputed. On June 11, 1982 respondent, by certified mail, sent the original notice of deficiency for the taxable year 1979 to petitioners at their residence, 9200 Shawnee Run Road, Cincinnati, Ohio 45243. Respondent mailed a copy of that notice to petitioners' authorized representative, K. G. Seitz, Esq., at 4321 Hamilton Avenue, Cincinnati, Ohio 45223. On February 1, 1982, several months before respondent mailed the notice of deficiency, petitioners had submitted to respondent a duly executed power of attorney. The power of attorney recites in pertinent part: The attorney-in-fact is authorized, subject to revocation, to receive confidential information and to perform on behalf of the taxpayer the following acts for the above tax matters among the powers generally granted; * * * To receive directly, and solely, at his address, all notices and communications addressed to the taxpayers in proceedings involving the above matters, and to that end all persons are requested to direct such notices and communications *609 to him. Petitioners through their attorney filed their petition with this Court on August 16, 1982, the 66th day after the mailing of the notice of deficiency. In their petition, they allege that the "notice of deficiency * * * appears to be invalid." In support thereof, petitioners point out that their last known address was that of their attorney and respondent merely mailed a copy of the notice there. Respondent filed his answer on October 4, 1982 in which he denied the allegations set forth in the petition. On December 17, 1982 respondent filed a Motion for Partial Summary Judgment and supporting memorandum pursuant to Rule 121(a). [2] Respondent contends that the notice of deficiency is valid because petitioners actually received the notice of deficiency and filed a timely petition with the Court. Respondent's motion was calendared for hearing at the Motions Session of the Court at Washington, D.C., on January 26, 1983. No appearance was made by or on behalf of petitioners. However, the Court did have before it for consideration petitioners' Memorandum in Lieu of Attendance filed on January 24, 1983 pursuant to Rule 50(c). At the conclusion of the hearing this *610 Court took respondent's motion under advisement. Our jurisdiction in defidiency cases depends upon the Commissioner's issuing a valid notice of deficiency to the taxpayer and the taxpayer's timely filing his petition in this Court. If jurisdiction is lacking because respondent failed to issue a valid notice of deficiency, we will dismiss on that ground rather than for lack of timely filing a petition. O'Brien v. Commissioner,62 T.C. 543, 548 (1974); Shelton v. Commissioner,63 T.C. 193 (1974). In the instant case the petition was timely filed based upon the June 11, 1982 mailing of the notice of deficiency. Consequently we are confronted with the issue of whether the "last known address" provision of section 6212(b)(1) [3] is a legal requirement for a notice of deficiency to be valid to begin the 90-day period for filing the petition (provided in section 6213) and consequently to toll the statute of limitations under section 6501(a). This issue was addressed by this *611 Court in Frieling v. Commissioner,81 T.C. 42 (1983), and Mulvania v. Commissioner,81 T.C. 65 (1983). In both Frieling and Mulvania, this Court determined that a notice of deficiency need not be sent to the taxpayer's "last known address" to be valid. A taxpayer's actual receipt without prejudicial delay obviates the need to consider section 6212(b)(1), a safe harbor provision. Section 6212(a) authorizes the Secretary of the Treasury to send a notice of defidiency to a taxpayer when he determines that a deficiency exists in the taxpayer's taxes. It does not specify the address to which the notice must be directed. Section 6212(b)(1) provides, with an exception not relevant herein, that the notice authorized by section 6212(a) shall be sufficient if sent by certified or registered mail to the taxpayer at his "last known address." Congress enacted section 6212(b)(1) as a safe harbor that protects the Secretary by establishing a procedure for giving notice that "shall be sufficient" in cases where, due to the taxpayer's failure to give notice of a change of address, actual notice cannot be perfected. [4]Mulvania v. Commissioner,supra at 68, *612 and cases cited therein. Because of this provision, a notice that is mailed to the taxpayer's "last known address" will be valid even if it is never received. DeWelles v. United States,378 F.2d 37, 39 (9th Cir. 1967), cert, denied 389 U.S. 996 (1967); Zenco Engineering Corp. v. Commissioner,75 T.C. 318, 321 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981); Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 372 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976); Lifter v. Commissioner,59 T.C. 818, 821 (1973). Neither section 6212 nor the regulations promulgated thereunder define a taxpayer's "last known address." We have defined it as the address to which, in light *613 of all facts and circumstances, respondent reasonably believed the taxpayer wished the notice of deficiency to be sent. In determining whether respondent has mailed a notice to the taxpayer's "last known address," the relevant inquiry thus pertains to respondent's kowledge rather than to what may in fact be the taxpayer's most current address. Weinroth v. Commissioner,74 T.C. 430, 435 (1980); Keeton v. Commissioner,74 T.C. 377, 382 (1980); Alta Sierra Vista, Inc. v. Commissioner,supra at 374
Absent "clear and concise notification" from the taxpayer directing respondent to use a different address, respondent is entitled to treat the address shown on the return for which the notice of deficiency is being issued as the taxpayer's "last known address." However, once respondent becomes aware of a change in address, he must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. Whether respondent has properly discharged this obligation is a question of fact. McPartlin v. Commissioner,653 F.2d 1185, 1189 (7th Cir. 1981), revg. an unpublished *614 order of this Court; Weinroth v. Commissioner,supra at 435-436; Alta Sierra Vista, Inc. v. Commissioner,supra at 374. The facts in this case indicate quite clearly that the power of attorney, authorizing the attorney "[t]o receive directly, and solely, at his address, all notices and communications addressed to the taxpayers" is sufficient to render the attorney's address petitioners' "last known address" for the purposes of their 1979 income tax liability. (Emphasis added.) United States v. Ahrens,530 F.2d 781, 785 (8th Cir. 1976); Expanding Envelope & Folder Corporation v. Shotz,385 F.2d 402, 404 (3rd Cir. 1967); D'Andrea v. Commissioner,263 F.2d 904, 907 (D.C.Cir. 1959); Reddock v. Commissioner,72 T.C. 21, 24 (1979). It is equally clear that respondent failed to mail the original of the notice of deficiency to petitioners at their "last known address." However the fact that section 6212(b) states that "notice of a deficiency * * * if mailed to the taxpayer at his last known address, shall be sufficient" is far from saying that it is the only way *615 in which notice can be given. [5]
The function of the notice of deficiency is to give the taxpayer notice that the Commissioner means to assess a deficiency against him and to give him an opportunity to have such determination reviewed by the Tax Court before it becomes effective. Commissioner v. Stewart,186 F.2d 239, 241 (6th Cir. 1951); [6]Frieling v. Commissioner;supra at 53; Mulvaiav.Commissioner,supra at 69. *616 If the taxpayer receives notice of the proposed assessment and timely files his petition for review with the Tax Court the purposes of section 6212 have been accomplished. Boren v. 241 F.2d 670, 673 (9th Cir. 1957); Commissioner v. Stewart,supra at 241. [7] The statute does not make this inadequate merely because it authorizes an alternative mailing of the notice which it makes sufficient without proof of actual delivery. We note that the United States Court of Appeals for the Third Circuit has squarely addressed and rejected petitioners' argument in Berger v. Commissioner,404 F.2d 668 (3rd Cir. 1968), cert. denied 395 U.S. 905 (1969), affg. 48 T.C. 848 (1967). In Berger at 675 the Court stated: We therefore reject a construction of the procedural *617 provisions of section 6212 which would yield the startling conclusion that a notice given to clients and their lawyer is inadequate even though they received it in due course, simply because the lawyer's copy should have been the original, and the channel of certified mail which was used for the taxpayers should have been used for the lawyer. Although respondent did not send the notice of deficiency to petitioners at their "last known address," the petitioners had actual notice and timely filed a petition in this Court. The objective of section 6212 was fulfilled. We have given careful consideration to the authorities cited by petitioners in their memorandum and find all of them inapposite. Therefore, pursuant to the above cited cases, we find that the notice of deficiency was valid pursuant to section 6212(a). Accordingly, respondent's Motion for Partial Summary Judgment is hereby granted. To reflect the foregoing An appropriate order will be issued.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV 1983).↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amemded.↩
4. See sec. 281(d), Rev. Act of 1926, 44 Stat. (Part 2) 62; S. Rept. 52, 69th Cong., 1st Sess. (1926), 1939-1 C.B. (Part 2) 332, 355; sec. 272(k), Rev. Act of 1928, 45 Stat. 854; H. Rept. 2, 70th Cong., 1st Sess. (1927), 1939-1 C.B. (Part 2) 384, 399; S. Rept. 960, 70th Cong., 1st Sess. (1928), 1939-1 C.B. (Part 2) 409, 430.↩
5. See, e.g., Clodfelter v. Commissioner,527 F.2d 754, 757 (9th Cir. 1975), affg. 57 T.C. 102 (1971), proper notice where the notice of deficiency was mailed to an address with the wrong street number; Frieling v. Commissioner,81 T.C. 42, 53 (1983); Goodman v. Commissioner,71 T.C. 974, 977-978 (1979), proper notice where the notice of deficiency was not mailed to the taxpayer's "last known address"; Zaun v. Commissioner,62 T.C. 278↩ (1974), proper notice where the taxpayers received oral notification that respondent was going to assess a deficiency.
6. We note that petitioners resided on Ohio at the time their petition was filed in this case and consequently venue on appeal would lie in the United States Court of Appeals for the Sixth Circuit.↩
7. See also Frieling v. Commissioner,supra↩ at 57, where we said "However, so long as the notice of deficiency is timely mailed by the Commissioner and is received without prejudicial delay by the taxpayer in compliance with sec. 6212(a), the notice is effective for all purposes from the time of its mailing."