DANA K. MORGAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morgan v. Commissioner
Docket No. 20570-87
United States Tax Court
T.C. Memo 1990-338; 1990 Tax Ct. Memo LEXIS 356; 60 T.C.M. (CCH) 43; T.C.M. (RIA) 90338; July 3, 1990, Filed Jack Elon Hildreth, Jr., for the petitioner. Thomas J. Travers, for the respondent. GERBER, Judge. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION This case is part of a consolidated group of cases with common issues which were tried during the week of September 18, 1989. At the time of trial, petitioners' attorney filed five separate motions for summary judgment addressing jurisdictional issues with respect to each of the petitioners named in the motions. The focus of the motion in this case concerns whether petitioner received actual notice of respondent's determination, and if so, whether petitioner's attorney was authorized in filing the petition so as to invoke our jurisdiction. Petitioners in each of the other four cases, through their attorney, have abandoned their motions for summary judgment, but may argue the jurisdictional issue when they address the substantive issues in their cases. Petitioner Morgan, however, continues to pursue *358 her motion for summary judgment concerning jurisdiction. Respondent observes, however, that technically this matter should not be considered under a motion for summary judgment because material factual differences exist between the parties. Rule 121; [1]Hoeme v. Commissioner, 63 T.C. 18 (1974). Although we agree with respondent's observation that summary judgment is inappropriate here, we will, nevertheless, decide this jurisdictional issue separately and preliminary to consideration of the merits of this case because the outcome of this jurisdictional issue could be dispositive of this case. FINDINGS OF FACT The parties entered into a stipulation of facts, along with attached exhibits, all of which are incorporated by this reference. Petitioner's 1983 and 1984 Federal income tax returns were *359 filed on June 18, 1984, and April 15, 1985, respectively. Petitioner's 1983 return reflected the following mailing address: 18377 Beach Blvd #211 Huntington Beach CA 92648 Petitioner's 1984 return reflected the following mailing address: 115 12th St Seal Beach CA 90740 Petitioner, on February 25, 1986, executed a power of attorney (Form 2484) with respect to her 1980, 1981, 1982, 1983, 1984, 1985, and 1986 Federal income tax returns, naming Jack Elon Hildreth, Jr. (Hildreth), as her representative and that document was received by respondent's Laguna Niguel District Office on March 7, 1986. Petitioner's address was shown on the power of attorney as "115 - 12th Street, Seal Beach, CA 90740." The power of attorney designated Hildreth as petitioner's " attorney-in-fact" and authorized him "to receive confidential information and to perform any and all acts [petitioner] can perform with respect to [the taxable years reflected on the power]." On April 2, 1987, respondent sent duplicate notices of deficiency for 1983 and 1984 to petitioner at the following addresses: "17822 East 17th Street, Suite 402, Tustin, CA 92686" and "115 112th Street, Seal Beach, *360 CA 90740." Petitioner did not receive either of the notices mailed by respondent. Also, and in accord with the power of attorney requesting copies of notices and other written communications to be sent to petitioner's representative, respondent sent a copy of the above-referenced notices of deficiency to Hildreth. Hildreth received the copy of the notice of deficiency on April 6. On June 26, 1987, Hildreth mailed a petition to this Court, naming Dana K. Morgan as petitioner. Said petition was filed on June 29, 1987. Hildreth also attached the original of his copy of petitioner's notice of deficiency, dated April 2, 1987. The copy of the notice attached to the petition bears the "115 112th Street" address. The petition is 18 pages long and contains numerous allegations of error and allegations of fact upon which petitioner intended to rely. There were no allegations concerning the jurisdiction of this Court or the validity of the notice of deficiency. Petitioner was not aware that Hildreth had filed a petition and paid the $ 60 filing fee on her behalf until she received Hildreth's June 26, 1987, telephone call which was followed-up by a letter from Hildreth enclosing copies *361 of the petition and notice of deficiency and requesting reimbursement of the $ 60 filing fee. Petitioner reimbursed Hildreth for the $ 60 filing fee. Petitioner, during the more than 2-year period from the filing of the petition until the time of trial, had not sought to disavow the petition in this case. Even now as she argues that the petition was unauthorized, she has not taken any other affirmative action regarding the petition. [2]
OPINION With some exceptions not applicable here, respondent is precluded from assessing and collecting any *362 tax deficiency without first mailing a notice of deficiency under section 6212(a)[3] or otherwise notifying the taxpayer of the deficiency. Sec. 6213(a). Pursuant to section 6213(a), within 90 days (or, in some circumstances not applicable here, 150 days) after the mailing of a notice of deficiency, the taxpayer may file a petition with this Court. The mailing of a notice of deficiency in accord with section 6212 tolls the running of the period of limitations on assessment of a deficiency and starts the running of the 90-day period for filing a petition with this Court. See secs. 6503(a)(1) and 6213(a). The mailing of a notice of deficiency also bars assessment and collection during that 90-day period and, if a petition is filed in this Court, bars such assessment and collection until the decision of this Court has become final. Sec. 6213(a). Our jurisdiction in deficiency cases is generally dependent upon respondent's mailing a notice of deficiency to the taxpayer under section 6212 and the timely filing of a petition with this Court under section 6213. [4]Frieling v. Commissioner, 81 T.C. 42, 46-47 (1983). *363 Section 6212(b) guides respondent in determining where to mail the notice of deficiency. Paragraph (1) of section 6212(b) provides, as follows: (b) Address for Notice of Deficiency. -- (1) Income and gift taxes and certain excise taxes. -- In the absence of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, chapter 42, chapter 43, chapter 44, or chapter 45 if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, chapter 43, chapter 44, chapter 45, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence. We have held that the mailing of a notice of deficiency to a taxpayer's last known address under section 6212(b) is a safe harbor assuring respondent that the notice is valid for purposes of section 6212(a). Frieling v. Commissioner, supra. *364 Consequently, a notice that is mailed to the taxpayer's last known address will toll the period for assessment even if the notice is not received by the taxpayer. King v. Commissioner, 857 F.2d 676, 681 (9th Cir. 1988), affg. on other grounds 88 T.C. 1042 (1987); Wallin v. Commissioner, 744 F.2d 674, 676 (9th Cir. 1984), revg. and remanding a Memorandum Opinion of this Court; United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); DeWelles v. United States, 378 F.2d 37, 39-40 (9th Cir. 1967); Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 372 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976); Lifter v. Commissioner, 59 T.C. 818, 821 (1973). The two notices of deficiency which were mailed to petitioner on April 2, 1987, [5] were not addressed to petitioner's "last known address" within the meaning of section 6212. Our holding in Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988), establishes the standard for a taxpayer's last known address, as follows: *365 For purposes of determining whether a notice of deficiency has been properly mailed to the taxpayer's last known address, we now hold that a taxpayer's last known address is that address which appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address. For these purposes, however, we hold that a taxpayer's "most recently filed return" is that return which has been properly processed by an IRS service center such that the address appearing on such return was available to respondent's agent when that agent prepared to send a notice of deficiency in connection with an examination of a previously filed return. * * * [Fn. ref. omitted.] *366 Considering the facts of this case, the last known address would have been the 115 12th Street address. Respondent, however, mailed one of the notices of deficiency to 115 112th Street per the Form 3877 reflecting the certified mailings on April 2, 1987. The other April 2, 1987, notice was mailed to an address that neither party has contended was petitioner's last known address. Accordingly, respondent failed to mail a notice to petitioner's last known address and does not come within the "safe harbor" of section 6212. Mulvania v. Commissioner, 81 T.C. 65, 70 (1983); Shelton v. Commissioner, 63 T.C. 193, 197-198 (1974). If a copy of the notice had not been sent to petitioner's attorney (Hildreth), our inquiry would have concluded here. Instead, we have the factual circumstances where the original notices to the taxpayer were either misaddressed and/or not sent to the last known address but where a copy was received by petitioner's representative under the power of attorney. The attorney, for reasons unexplained in this record, did not advise his client of the copy of the notice received, but proceeded (without petitioner's prior *367 approval) to timely file a petition and pay the filing fee on her behalf. These circumstances raise two subissues: First, whether a representative's receipt of the notice along with the communication of same to petitioner may result in our jurisdiction over the merits of this case; and second, whether the filing of the petition without petitioner's advance approval resulted in a valid petition. The mailing of a deficiency notice which is not addressed to the taxpayer's last known address may result in our acquisition of jurisdiction. In an established line of cases, incorrectly addressed notices have resulted in our jurisdiction where the taxpayer receives "actual notice [of the contents of the deficiency notice] without prejudicial delay * * *." Clodfelter v. Commissioner, 527 F.2d 754, 757 (9th Cir. 1975), affg. 57 T.C. 102 (1971); Miller v. Commissioner, 94 T.C. (Mar. 8, 1990); see also McKay v. Commissioner, 886 F.2d 1237 (9th Cir. 1989), affg. 89 T.C. 1063 (1987); Frieling v. Commissioner, 81 T.C. at 51-53; *368 Goodman v. Commissioner, 71 I.C. 974, 977-978 (1979); Zaun v. Commissioner, 62 T.C. 278 (1974); Brzezinski v. Commissioner, 23 T.C. 192, 195 (1954); Commissioner v. Stewart, 186 F.2d 239 (6th Cir. 1951), revg. a Memorandum Opinion of this Court. By providing the safe harbor of section 6212(b), Congress did not intend to invalidate actual rather than constructive methods of communicating respondent's determination. McKay v. Commissioner, 89 T.C. at 1068 n.6. Frieling v. Commissioner, supra at 53, contains a discussion of the "actual notice" principle, as follows: The deficiency notices in those cases were held to be valid because they served the two functions of section 6212: (1) They notified the taxpayer that a deficiency had been determined against him; and (2) they gave the taxpayer the opportunity to petition this Court for redetermination of the proposed deficiency. The question is whether both elements are satisfied here. Petitioner did not receive the notice of the deficiency or a copy and was not personally aware of respondent's determination of deficiencies when *369 Hildreth mailed the petition. Here, instead, Hildreth, who was authorized in a power of attorney filed with the Internal Revenue Service "to perform any and all acts" that petitioner was entitled to perform with respect to the taxable years in issue, timely filed a petition to initiate this case. These facts are substantially similar to those involved in Commissioner v. Stewart, 186 F.2d 239 (6th Cir. 1951). In that case the only notice of deficiency was sent to the taxpayer's attorney who was authorized to represent the taxpayer under a power of attorney. The taxpayer, at the time of the filing of her petition, did not object to the notice, but instead sought to show that the Government's determination was in error. After more than a year, the taxpayer sought to dismiss the case for lack of jurisdiction on the ground that the notice of deficiency did not comply with the statute which required that the notice be sent to the taxpayer. The Court of Appeals for the Sixth Circuit decided that the case should not be dismissed. In so holding the court provided the following rationale: We are of the opinion that such a strict literal construction of the statute is *370 not authorized in the present case. It is clear that the purpose of the deficiency notice is to give the taxpayer notice that the Commissioner means to assess a deficiency tax against him and to give him an opportunity to have such ruling reviewed by the Tax Court before it becomes effective. * * * In the present case, the taxpayer received the full measure of protection guaranteed to him by Section 272(a) [predecessor of section 6212] of the Code. * * * Notice of the deficiency assessment was sent by registered mail to the taxpayer's attorney, previously authorized under a power of attorney filed with the Commissioner * * *. Under the law of principal and agent, the Commissioner's notice to the taxpayer's attorney clothed with such authority was notice to the taxpayer himself. Keeping in mind that the final purpose of the deficiency notice is to afford the taxpayer an opportunity to appeal to the Tax Court, and that in the present case the taxpayer acting through his attorney promptly took such an appeal, we fail to see in what way the taxpayer has been prejudiced or harmed. No objection *371 was made by the taxpayer at the time of filing his petition for review of any defect or irregularities in the giving of the required notice. To hold the notice insufficient under such circumstances, would "allow the technical an undue triumph over the substantial." Pittsburgh Terminal Coal Corp. v. Heiner, D.C.W.D.Pa., 56 F.2d 1072, 1075. See also Kohlhase v. Commissioner, 6 Cir., 181 F.2d 331. * * * Commissioner v. Stewart, 186 F.2d at 241-242. Similarly, in Lifter v. Commissioner, 59 T.C. 818, 822-824 (1973), in part relying upon Commissioner v. Stewart, supra, we held that the Commissioner was justified in sending a notice of deficiency to the taxpayer's attorney after several unsuccessful attempts to mail it to the taxpayer. In Lifter a timely petition also was filed and we found that the notice and petition met the statutory requirements for our jurisdiction. In a more recent case, Goodman v. Commissioner, 71 T.C. at 976-978, we held that we had jurisdiction where the taxpayer's notice was sent to addresses she claimed were not her last known address, *372 but she had filed a timely petition based upon a copy of the notice she had received from her ex-husband's attorney. The facts of this case vary in only one significant respect from those in the above-discussed cases. The difference is in the fact that the taxpayers in Stewart and Lifter approved of the filing of their petitions prior to mailing, whereas petitioner here became aware of the notice and petition after it was mailed but before it was filed. We must consider here whether petitioner approved or ratified the filing of the petition by Hildreth. Hildreth, apparently after mailing the petition in question, telephoned petitioner on June 26, 1987, and advised of the petition and notice of deficiency. On that same date, Hildreth also sent petitioner a copy of the petition and notice of deficiency under cover of a letter requesting reimbursement of the $ 60 filing fee. That letter was mailed on the same date (June 26, 1987) that the petition was mailed to this Court. Petitioner received Hildreth's letter between the date of mailing the petition and the time it was filed (June 29, 1987) with this Court. The petition, although 18 pages long, contains no allegations *373 or mention of the jurisdictional issue under consideration. This matter was pending for more than 2 years and had been placed on one trial calendar and continued on petitioner's motion before it was scheduled on another calendar for trial on a September 19, 1989, Los Angeles trial session. It was not until the time of the September 19, 1989, trial session that petitioner raised the issue under consideration. Although it is not entirely clear from petitioner's brief, it appears that petitioner argues that her attorney's failure to secure the authority to file the petition in advance does not result in actual notice or remedy the failure to mail a notice of deficiency to petitioner's last known address. It is unclear whether petitioner argues that: (1) No notice from which a petition may be filed was ever issued; or (2) a notice issued, but petitioner must have personal knowledge of the notice before it can be the basis for a petition and our acquiring jurisdiction; or (3) a notice may or may not have been issued, but, nonetheless, petitioner's attorney was not authorized to file a petition and accordingly that we are without jurisdiction in this case. Irrespective of which argument *374 petitioner makes, we hold that the result would be the same, that is, we have jurisdiction. As to petitioner's argument that Hildreth [6] was unauthorized to file a petition, as a factual matter, that argument must fail. This Court has addressed similar questions in other cases. Kraasch v . Commissioner, 70 T.C. 623, 626-629 (1978); Carstenson v. Commissioner, 57 T.C. 542 (1972); Hoj v. Commissioner, 26 T.C. 1074 (1956). Hildreth had an unconditional power of attorney, as an attorney-in-fact, to represent and act on petitioner's behalf. The power of attorney was in effect at the time of the filing of the petition herein. The petition was timely filed. Petitioner had been advised of the petition and notice, both orally and in writing, prior to its actual filing with this Court. Petitioner took no steps to repudiate or ratify [7] the petition, even after two different notifications of trial. The petition does not contain the allegation or statement that it was filed merely to permit petitioner to address the question of jurisdiction. It appears that it was only in the final throes of trial preparation that this approach occurred *375 to petitioner or her representative. We cannot, now, permit petitioner to disavow an otherwise authorized act on her behalf. To do so would be prejudicial to respondent who relied upon the petition's effect to his detriment and would be without apparent ability to send further notices of deficiency for the 1983 and 1984 taxable years. Accordingly, the petition herein is valid and has the effect of permitting jurisdiction, if in other respects the bases for such jurisdiction exists. *376 Finally, we address whether petitioner was notified of respondent's determination. We hold that respondent made a determination and attempted to mail petitioner notices of deficiency, albeit, not to petitioner's last known address. We further hold that, through her attorney, petitioner received actual notice of respondent's determination prior to the filing of the petition in this case. Our holding here is in accord with the opinion of the Court of Appeals for the Ninth Circuit in Clodfelter v. Commissioner, 527 F.2d at 757, which held that a notice of deficiency is valid if its mailing results in actual notice without prejudicial delay, or if the notice is mailed to the taxpayer's last known address.[8] The Court of Appeals for the Ninth Circuit held that: in those cases where actual notice did not result or was not proved to have resulted from a mailing, or where delivery of mail was delayed to the prejudice of the petitioner in seeking redetermination, mailing to suffice under [section] 6212(b) must be to the last known address. We conclude, however, *377 that if mailing results in actual notice without prejudicial delay (as clearly was the case here), it meets the conditions of [section] 6212(a) no matter to what address the notice successfully was sent. [Fn. ref. omitted.] There is no apparent prejudicial delay in this case. Hildreth, as petitioner's attorney-in-fact, received a copy of the notice on April 6, 1987, only 4 days into the 90-day period. Moreover, petitioner was made aware of the notice on June 26, 1987, and received a copy of the notice and petition prior to the June 29 filing of the petition. The 90-day period within which to file a petition under section 6213 did not expire until July 1, 1987. *378 We, therefore, conclude that the notice of deficiency and petition in the instant case are valid and that we have jurisdiction to consider the merits of this case. To reflect the foregoing, An appropriate order will be issued.
Footnotes
1. Rule references are to this Court's Rules of Practice and Procedure and section references are to the Internal Revenue Code of 1954, as amended and in effect for the period under consideration.↩
2. We do not suggest by this reference that petitioner has or had an existing remedy or right regarding withdrawal or invalidation of the petition. In the context of this case, petitioner merely argues that we have no jurisdiction because of respondent's failure to mail a notice to her "last known address" or because of the allegedly unauthorized petition filed on her behalf.↩
3. Sec. 6212(a) provides: If the Secretary determines that there is a deficiency in respect of any tax * * *, he is authorized to send notice of such deficiency to the taxpayer by certified mail or registered mail. ↩
4. Although rarely focused upon, it should be understood that respondent is not limited to the use of a mailing by certified or registered mail to effectuate notice of his deficiency determination for purposes of sec. 6212. However, as we will discuss infra, such a mailing to the taxpayer's "last known address" provides respondent with a safe harbor for purposes of staying the limitations period for assessment under sec. 6501 and commencing the 90-day limitations period for the taxpayer to petition this Court under sec. 6213. The taxpayer need not even receive the notice for this to occur. Frieling v. Commissioner, 81 T.C. 42 (1983). In addition to certified or registered mail, respondent may use regular mail, hand delivery, and/or actual communication. However, such methods must provide the taxpayer with actual notice of respondent's determination to be sufficient under sec. 6212 for purposes of staying the period for assessment under sec. 6501 and commencing the 90-day period for petitioning this Court. See McKay v. Commissioner, 89 T.C. 1063, 1069 n.7 (1987), affd. 886 F.2d 1237 (9th Cir. 1989), and cases cited therein. See also Clodfelter v. Commissioner, 527 F.2d 754, 757 n.7 (9th Cir. 1975), affg. 57 T.C. 102 (1971); Tenzer v. Commissioner, 285 F.2d 956, 957-958 (9th Cir. 1960). Moreover, this Court's jurisdiction will be invoked if the taxpayer receives actual notice and timely files his petition. McKay v. Commissioner, 886 F.2d 1237 (9th Cir. 1989), affg. 89 T.C. 1063↩ (1987).
5. The post office stamp on the Form 3877 received in evidence as proof of mailing of the notices of deficiency to petitioner clearly reflected the month of April and the year 1987. With respect to the day, however, the number "2" is clearly marked in the center of the circular stamp, but there is also a smudge to the right of the number 2. The smudge, which is parallel to the number 2 is shaped like a wedge with the pointed end directed upward. Petitioner argues that the Form 3877 is unclear as to whether the notices were mailed April 2, 1987, or April 21, 1987. Because the earliest period for assessment in this case expired on June 18, 1987, it would make no difference in the outcome of this case as to whether the notices were mailed on the second or twenty-first day of April. In any event, we have found that the notices were mailed April 2, 1987, a fact which is strongly supported by Hildreth's April 6, 1987, receipt of a copy of one of the notices dated April 2, 1987.↩
6. Hildreth was quick to admit that he mailed the petition to this Court before asking his client for approval. Hildreth, however, did not deny that he was authorized to act under the power of attorney. If he was not authorized, Rule 33(b), as amended and in effect July 1, 1986, provides that: "The signature of counsel also constitutes a representation by him that he is authorized to represent the party or parties on whose behalf the pleading is filed." Additionally, Rule 33(b)↩ provides for sanction upon a person who signs a pleading in violation of the rule. 7. There was no need to ratify because Hildreth was actually and apparently authorized to represent petitioner with respect to the taxable years in issue.↩
8. The Court also acknowledged the existence of other methods of providing valid notice. Clodfelter v. Commissioner, 527 F.2d 754, 757 n.7 (9th Cir. 1975), affg. 57 T.C. 102 (1971); see also McKay v. Commissioner, 89 T.C. at 1069 n.7. Moreover, the Court of Appeals for the Ninth Circuit would be the appropriate venue for appeal of this case. See Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985↩ (10th Cir. 1971).